JEFFERSON.
April, 1819.

Moodey, Trea-
surer of the
town of Steu-
benville, and
successor of
Hunter, late
treasurer of
said town,
v.
Shaw, Scott
and Fickes.

---

## JEFFERSON COUNTY—APRIL TERM, 1819.

---

MOODEY, *Treasurer of the town of Steubenville, and successor of* HUNTER, *late treasurer of said town,* vs. SHAW, SCOTT AND FICKES.

Misnomer of the plaintiff can only be taken advantage of by plea in abatement.
Acts incorporating towns are public acts.
The treasurer of the select council of the town of Steubenville is not a corporation.
Bonds given by collectors to the treasurer, cannot be sued upon by the treasurer or his successor.
Suits on such bonds must be brought in the name of the corporation only.

DEBT ON A BOND—GENERAL DEMURRER TO THE DECLARATION.

The declaration was, that the defendants were summoned to answer unto the plaintiff " treasurer of the town of Steubenville and successor of Samuel Hunter, late treasurer of said town in a plea," &c. counting upon a bond executed to the said Hunter as ." treasurer of the town of Steubenville and his successor in office," and averring that the said Moodey is successor in office of the said Hunter.

HALLOCK, for the defendants, demurred generally to the declaration ; and, in support of the demurrer, contended, 1st, that the treasurer of the town of Steubenville, being the officer of a private corporation, should set out his corporate powers—2d,. that the act of incorporation does not make the treasurer a corporation—and 3d, that if he be a corporation, he is a corporation sole, the successor of whom cannot take a chosen action or chattel. He cited and relied on 2d Black. Com. 430, 1, 2, 3—Cro. Eliz. 464, 4th Com. Dig. 258, 1 Com. Dig. 186, 1 Bac. Abr. 508.—GOODENOW, for the plaintiff, contra.

PRESIDENT.—The act to incorporate the town of Steubenville, is a public act, of which the court are bound to take notice. By that act a corporation is created by the name of " The President, Recorder and Trustees of the Town of Steubenville," which is authorised to sue, to hold property, and to do other corporate acts. This body corporate is

composed of the President, Recorder and Trustees only. At the annual meetings in which the inhabitants elect the members of the corporation, they elect also the following officers of the corporation, viz. an assessor, a collector, a treasurer, and a town marshal. It is remarkable that two distinct corporations are created by the first and second sections of this act—the first of which is to be known and distinguished by the name of "The Town of Steubenville"—all corporate powers are vested in "the President, Recorder and Trustees of the town of Steubenville," and none except by implication in "the town of Steubenville"—but the liberality of the Legislature in bestowing names upon this body politic, did not stop here; for they have provided in the 5th section, a third name for it, that of "The Select Council of the Town of Steubenville." This multiplicity of names, and duplicature of incorporation, renders it difficult to determine what is the appropriate title of the assessor, collector and treasurer (as to the marshal the same difficulty does not exist, he is the "town marshal") and not merely what is the appropriate title of these officers, but to which of the three bodies politic they are officers.—The fifth section of the act, in speaking of the treasurer, styles him "the treasurer of the select council"—and he is not called by any other name in the act. The tenth section calls the assessor, collector and treasurer, the "subordinate officers of the council." As the act of incorporation has given a particular name of office to the treasurer, it is improper for him to assume another name. If he has a right to sue, he claims such right as an officer. His right, if it exists, is in the office. He cannot have this right by virtue of one office, and exercise it in the name of another office; and that too an office unknown to the law. But is this a fault which can be taken advantage of on a general demurrer? I think not. It is merely a misnomer of the plaintiff; and a misnomer of the plaintiff, whether such plaintiff is a corporation or an individual, can only be taken advantage of by plea in abatement. 1st Bos. and Pul. 40.

If the treasurer is to be considered as a sole corporation, I think it very clear, from the authorities read, that this suit is sustainable, 2 Black Com. 431—for he would be the representative of a number of persons; would, as to the monies of the town, stand in the place of and represent the town; and so a bond to him would be good in law. and the successor might have the advantage of it for the benefit of the town of Steubenville, or of the President, Recorder and Trustees of

JEFFERSON.<br>
April, 1819.<br>
<br>
Moodey, Treasurer of the town of Steubenville, and successor of Hunter, late treasurer of said town,<br>
v.<br>
Shaw, Scott and Fickes.

JEFFERSON.
April, 1819.

Moodey, Treasurer of the town of Steubenville, and successor of Hunter, late treasurer of said town,
v.
Shaw, Scott and Fickes.

the town of Steubenville, whichever of those bodies he represented.    Such was the case 1st Dyer 48, a.    The question, then, for consideration, is, whether the treasurer of the town of Steubenville is a corporation.

It is incident to a corporation, that they may plead and be impleaded, 10 Co. 30, b—may purchase and take in succession, and this without the word successors in the deed or grant.   No corporation can be granted in this state, but by act of the legislature or charter granted pursuant to some statute law.  If the plaintiff and his predecessor, are a corporation, they must have been made such by the act we have mentioned and in part examined.   The treasurer may be a corporation, although such corporation would be composed out of another corporation, 4 Com. Dig. 255—nor does it require any precise form of words to create a corporation.   It is sufficient if it can be gathered from the act that such was the intention of the legislature.

The treasurer is to receive and receipt for all monies paid over to him by the town marshal and collector—" the collector and the town marshal shall, before they enter upon the duties of their respective offices give bond, with sufficient security (to be approved of by the council) *to the Treasurer*, conditioned for the faithful discharge of the duties of their offices respectively."   The treasurer is also to give bond to the recorder, for the faithful discharge of the duties of his office.   If receiving an official bond from another officer of the corporation, constitutes the receiving officer a corporation sole, then the treasurer and recorder are both corporations, and the bonds by them severally taken, go to their successors, and are to be sued in the name of the offices for the time being—neither the treasurer or recorder have power to discharge the bonds given to them—the treasurer has not even authority to settle with the collector; he is to give receipts for the money paid over to him, but the settlement is to be made with the council: they alone can discharge the bond.   The act expressly authorises suits to be brought by and in the name of "the President, Recorder and Trustees of the Town of Steubenville," and no where authorises the treasurer to sue, or makes him liable to be sued; nor could the monies of the corporation be drawn out of his hands by a suit against him in favor of a stranger.   If he cannot be sued as the depository of the corporate funds, neither can he sue to increase those funds.   A bond taken by the treasurer from the collector, is so taken for the use of " the President, Recorder and Trustees of the Town of Steuben-

ville"—the condition of the bond and the act require the collector to account with them, and they alone have a legal right to sue him on his bond.

The case of Piggott vs. Thompson, 3d Bos. and Pul. Rep. 147, is similar to the case before us: in that, three acts of Parliament appointed certain persons commissioners for draining certain fen lands; and by the provisions of the acts, the commissioners were empowered to erect certain toll gates and take and receive certain tolls in the said fen lands; and the tolls were vested in the commissioners and their successors. On the 23d June, the commissioners let the tolls to the defendant for three years; the defendant executed a written contract to pay one hundred and forty five pounds per annum for them, "to be paid to the treasurer of the commissioners at his house in Ely, by twelve equal monthly payments in each year." The plaintiff was, at the date of the contract and time of bringing suit, treasurer to the said commissioners appointed under the act of Parliament with an annual salary; the defendant entered into the receipt of the tolls and paid to the plaintiff several sums on account of the rent; the action was brought for a balance which remained due; the court held, unanimously, that the action could not be sustained; the contract was considered as having been made with the commissioners, to pay to them, through the medium of their officer, and that they alone could sustain the action. So, in this case, the contract of the defendants was made with the council; they were accountable to them; and the council alone, in their corporate name and capacity, have a right to sue on the bond. That the bond was given to Mr. Hunter and to his successors in office, can make no difference; for the defendants could not give corporate rights where the law gives none. The insertion of successors in the bond, is a mere nullity, conveying no interest whatever to the successor. *Demurrer sustained—judgment for defendants for costs.*

JEFFERSON.
April, 1818.

Moodey, Treasurer of the town of Steubenville, and successor of Hunter, late treasurer of said town,
v.
Shaw, Scott and Fickes.